*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 20-BG-552

IN RE WILLIAM H. BRAMMER, JR., RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 478206)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(DDN 174-12)

(Decided: January 7, 2021)

Before MCLEESE and DEAHL, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Ad Hoc Hearing Committee (the Committee) recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). The petition is based on Respondent's voluntary acknowledgment that Respondent failed to provide his client competent representation.

Respondent acknowledged that he failed to (1) provide competent representation of his client, (2) act with reasonable promptness, and (3) keep his client reasonably informed about the status of the matter. As a result, Respondent violated D.C. Rules of Professional Conduct 1.1(a), 1.3(c), and 1.4(a). The proposed discipline is a thirty-day suspension, stayed upon the successful completion of a one-year period of probation during which Respondent will not engage in any ethical misconduct, and conditioned upon Respondent making restitution in the amount of $5,000 to his former client within one year of the approval of his petition for negotiated discipline.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree this case is appropriate for negotiated discipline and the proposed disposition is not unduly lenient or inconsistent with dispositions imposed for comparable professional misconduct. Accordingly, it is

ORDERED that Respondent William H. Brammer, Jr. is hereby suspended from the practice of law in the District of Columbia for thirty days, stayed in lieu of a one-year period of probation during which time Respondent will not engage in any ethical misconduct and shall pay restitution in the amount of $5,000 to his former client.

*So ordered.*